**U.S. PAYPHONE, INC., Plaintiff,**

v.

**EXECUTIVES UNLIMITED OF DURHAM, INC., Amerigraphix, Inc., and American Multimedia, Inc., Defendants.**

No. C–87–163–D.

United States District Court,
M.D. North Carolina,
Durham Division.

Dec. 5, 1991.

Olive & Olive, P.A. by Susan Freya Olive, Durham, N.C., Donald Gunn, Nick A. Nichols, Jr., Houston, Tex., for plaintiff.

W. Thad Adams, Charlotte, N.C., for defendants.

## MEMORANDUM OPINION

ERWIN, Chief Judge.

This matter is before the court on remand from the United States Court of Appeals for the Fourth Circuit, 931 F.2d 888 (table). This case concerns copyright infringement of a reference guidebook compiled by plaintiff U.S. Payphone, Inc. (Payphone), which provided information concerning the coin-operated telephone market. This court's decision that defendant Executives Unlimited of Durham, Inc. (Executives) infringed plaintiff's copyright and

award of $15,000 in actual damages to plaintiff was affirmed by the court of appeals. However, the court of appeals remanded for further findings as to the appropriate amount of money which plaintiff should receive to compensate it for any profits attributable to the infringement made by the defendants. Additionally, the court of appeals affirmed this court's decision to award interest from the date of this court's judgment, but it reversed the decision to award prejudgment interest. *U.S. Payphone v. Executives Unlimited of Durham*, No. 89–1081, 931 F.2d 888 (table) (4th Cir. June 6, 1991).

### Factual Background

In 1986, Payphone prepared the "Payphone Magazine Reference Guide" (Guide), which is the subject of this litigation. The Guide included a fifty-one page section on state tariffs which summarized the state tariffs regulating the fees payable to telephone utilities by owners and operators of pay telephones. This section of the Guide provided the basis for Payphone's infringement claim.

Payphone first published the Guide on May 5, 1986. On November 13, 1986, it applied for and obtained a Certificate of Copyright Registration from the United States Copyright Office, and a notice of copyright was affixed to the Guide's front page. Payphone sold 254 copies of its Guide which retailed for $195 per copy. (The average selling price was $177, as many Guides were initially sold at a reduced price.)

In late 1986, Executives published the Executive Manual (Manual), a guide to Amway Corporation distributors interested in getting into the pay telephone business. During preparation of the Manual, Executives requested and received informational materials relating to the private payphone business from the National Telephone Services. The materials included Payphone's Tariff Section, but the materials did not contain any notice of copyright. Executives, unaware of the original source of the Tariff Section, included it in its Manual under the heading "Tariffs and Regula-

tions Information." Executives immediately halted all sales of the Manual when Payphone filed this action for copyright infringement on March 20, 1987. At that time, Executives had sold approximately 6,609 copies of its Manual which retailed for $25 per copy. (The average selling price was $15.40, as many of the Manuals were sold at reduced or wholesale prices.)

This court held that although Executives did not intentionally infringe Payphone's copyright, the Guide was copyrightable material and that Executives did not overcome the presumption of validity which attached to the copyrighted work. The court awarded Payphone actual damages in the amount of $15,000 and Executives' profits attributable to the infringement in the amount of $20,496. The United States Court of Appeals for the Fourth Circuit affirmed this court's computation of actual damages, but remanded for further determination of the profits award.

### Discussion

██ Under Section 504(b) of the Copyright Act, a copyright owner may recover "the actual damage suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b) (West 1977). The recovery of profits attributable to the infringement in addition to actual damages is designed to ensure that infringers are not able to retain some benefit flowing from their wrongful conduct that is not fully taken into account in the award of actual damages. *Manufacturers Technologies v. Cams, Inc.*, 728 F.Supp. 75 (D.Conn.1989). In this case, the court of appeals was concerned with the proper application of Section 504(b)'s language restricting recovery of an infringer's profits to those that "are not taken into account in computing actual damages." Specifically, the court of appeals said that it was

> unable to determine what portion, if any, of $20,496 resulted from sales by Executive that were "not taken into account" when the district court calculated Pay-

phone's actual damages. To justify the "profits" portion of the award, all of the 6,609 Executive Manuals would necessarily have had to have been sold to persons or companies that would not have purchased Payphone's Guide, which was sold at a much higher price.

*U.S. Payphone v. Executives Unlimited of Durham,* No. 89–1081, slip op. at 10 (4th Cir. June 6, 1991). The court of appeals further stated that any of Executives' sales which resulted in lost opportunities for sales by Payphone and were, therefore, calculated in Payphone's actual damages, could not be considered as part of Executives' profits that Payphone could again recover. To allow Payphone to recover the profits on lost sales already recompensed under the rubric of actual damages would amount to double-counting which is not authorized under Section 504(b) of the Copyright Act.

■ The standard that the court of appeals articulated for plaintiffs pursuing this two-pronged recovery of actual damages and profits has been explained elsewhere in terms of whether the plaintiff and defendant's sales were "competitive" or "noncompetitive". *Manufacturers Technologies v. Cams, Inc.,* 728 F.Supp. 75 (D.Conn.1989).[1] Regarding competitive sales, the plaintiff must show what part of the defendant's profits the plaintiff would not have earned had the infringement not occurred, i.e., the plaintiff must subtract its profits from the defendant's profits. However, regarding noncompetitive sales, any profit made by the defendants after deducting the appropriate expenses, is recoverable by the plaintiff. *Id.* at 83–84. In other words, the plaintiff may recover defendant's profits for each noncompetitive sale.

■ This court finds that the distinction between competitive and noncompetitive sales is a useful way of explaining its profits award to the plaintiff. As reflected in the record, defendant sold 6,609 copies of its Manual, and this court found that eighty of Executives' 6,609 sales resulted in lost sales opportunities by Payphone. In its previous opinion, this court erroneously treated all 6,609 of Executives' sales as noncompetitive and awarded Payphone Executives' profits attributable to the infringement for each of these sales. This court failed to recognize that eighty of Executives' sales should be treated as competitive sales, i.e., sales that plaintiff would have made but for the defendant's infringement, for which the plaintiff could recover actual damages, but not Executives' profits.[2] This court's previous award of profits allowed Payphone a double recovery (actual damages plus Executive's profits) for these lost eighty sales; and, therefore, the profits award must be reduced.

The court finds that the appropriate reduction in the profits award should be calculated as follows:

| | | |
|---|---|---|
| 1. | $ 101,794.00 | (Executives' stipulated gross revenues) |
| – | 50,512.00 | (Executives' deductible expenses) |
| | $ 51,282.00 | (Executives' profit) |

**1.** In *Manufacturers Technologies,* 728 F.Supp. at 83 n. 8, the court stated that competitive sales were those sales wherein the plaintiff's product competed directly with the defendant's product, while noncompetitive sales were those made by the defendant to consumers who found the plaintiff's product to be cost prohibitive. This court finds these terms to be relative to the discussion, and adopts these definitions for the case at bar.

**2.** Implicit in this finding is that the defendants' remaining 6,529 (6,609 minus 80) were noncompetitive. The record indicates that the guidebooks were targeted toward different groups of buyers—Executive's Manual was specifically marketed to Amway distributors, while Payphone pursued a larger, more national pool of buyers for its Guide. Furthermore, as the United States Court of Appeals for the Fourth Circuit noted, the facts strongly suggest that the buyers who purchased Executive's Manual would not have purchased Payphone's Guide largely because of the great discrepancy in price between the two guidebooks. *U.S. Payphone v. Executives Unlimited of Durham,* No. 89–1081, slip op. at 8 n. 4 (4th Cir. June 6, 1991).

| | | | |
|---|---|---|---|
| 2. | $ | 15.40 | (average selling price per Manual) |
| | × | 80 | (lost sales already recompensed) |
| | $ | 1,232.00 | (amount of "double-counted" sales to be deducted from Executives' profit) |
| 3. | $ | 51,282.00 | (Executives' profit, from calculation # 1) |
| | − | 1,232.00 | ("double counted" sales, from calculation # 2) |
| | $ | 50,050.00 | (Executives' adjusted profit) |
| 4. | $ | 50,050.00 | (Executives' adjusted profit, from calculation # 3) |
| | × | .40 | (percent Tariff section contributed to overall value of Manual) |
| | $ | 20,020.00 | (Total recalculated unjust profits) |

■ The defendant argues that this court should simply deduct $15,000, the amount of actual damages awarded, from $20,496, the amount of Executives' profits attributable to the infringement. This court disagrees. Defendants' calculation does not comply with Section 504(b) of the Copyright Act. The copyright owner may recover those profits from sales of the infringer which did not result in lost sales opportunities for the copyright owner, i.e., the infringers' profits from these "noncompetitive" sales are recoverable by the copyright owner.

*Conclusion*

In light of the foregoing, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff, U.S. Payphone, Inc., is awarded $20,020 in Executives' profits attributable to the infringement and interest on this amount at the rate of 4.98% until paid. This judgment is entered in lieu of that portion of the original judgment which was reversed by the court of appeals and remanded. That portion of this court's original judgment awarding U.S. Payphone, Inc. $15,000 in actual damages and interest from the date of the judgment was affirmed by the court of appeals and thus is not disturbed by this judgment.